**HOFFMAN & FORDE, ATTORNEYS AT LAW**
SCHUYLER V.V. HOFFMAN V (255632)
DANIEL R. FORDE (248461)
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881
shoffman@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiffs,
Raquel Reza and Shafiq Memon

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAQUEL REZA and SHAFIQ MEMON, on behalf of themselves and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**YAHOO! INC., a Delaware Corporation,**<br><br>**Defendant.** | **Case No.:** **'13CV0071 W    BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. RAQUEL REZA and SHAFIQ MEMON ("Plaintiffs"), individually, and on behalf of all others similarly situated, brings this complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of YAHOO! INC. ("YAHOO" or "Defendant"), in negligently and/or intentionally contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint,

and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, the harm to Plaintiffs occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of San Diego, State of California because it conducts business there.

## PARTIES

5. Plaintiff Raquel Reza ("Reza") is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

6. Plaintiff Shafiq Memon ("Memon") is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in the State of Delaware. Defendant is, and at all times mentioned herein was, a Delaware corporation and is a "person," as defined by 47 U.S.C. § 153 (10).    Defendant provides communication services to hundreds of thousands of consumers. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

//

**FACTUAL ALLEGATIONS**

8. YAHOO allows its users an Instant Messaging service that provides users the opportunity to send a free text message/s.

9. At no time did Plaintiffs provide Plaintiffs' cellular phone numbers to Defendant through any medium.

10. On or about January 8, 2013, at approximately 12:50 p.m. a YAHOO user utilized YAHOO's service to send a text message to Plaintiff Reza's cellular telephone [hereinafter "MESSAGE"].

11. Prior to the MESSAGE being received by Plaintiff Reza, YAHOO sent an unsolicited SPAM text message to Plaintiff Reza (on its own accord) on the same day at approximately 12:41 p.m. This text message read:

> "A Yahoo! User has sent you a message. Reply to that SMS to
> respond. Reply INFO to this SMS for help or go to y.ahoo.it/
> imsms." [hereinafter "SPAM"].

12. On or about January 8, 2013, at approximately 12:38 p.m., a YAHOO user utilized YAHOO's service to send a text message to Plaintiff Memon's cellular telephone. This text message, which was unsolicited by Plaintiff Memon, [hereinafter "MESSAGE2"]

13. Prior to the MESSAGE2 being received by Plaintiff Memon, YAHOO sent an unsolicited SPAM text message to Plaintiff Memon (on its own accord) on the same day at approximately 12:29 p.m. This text message read:

> "A Yahoo! User has sent you a message. Reply to that SMS to
> respond. Reply INFO to this SMS for help or go to y.ahoo.it/
> imsms." [hereinafter "SPAM2"].

14. Plaintiffs were unaware that YAHOO's Instant Messaging service would send them the unsolicited SPAM and SPAM2 text messages described in Paragraphs 11 and 13 of this complaint. In fact, on information and belief, the sender/s of the MESSAGE and MESSAGE2 were also unaware that YAHOO would send the SPAM and SPAM2 texts.

15. Through this conduct, Defendant contacted Plaintiffs on Plaintiffs' cellular telephones regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. These telephone calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiffs did not provide Defendant or its agent prior express consent to receive calls, including unsolicited calls, to their cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20. The telephone call by Defendant, or its agent, described in Paragraphs 13 and 15 of this Complaint, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

22. Plaintiffs represent, and are a member of the Class, consisting of: "all persons within the United States who received a text message substantially similar or identical to the text messages described in Paragraphs 11 and 13 of this Complaint from Defendant without prior express consent, which message by Defendant or its agents was not made for emergency purposes, within the four years prior to the filing of this Complaint."

23. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted

1    Plaintiffs and the Class members via their cellular telephones by using an unsolicited

2    SPAM and SPAM2 text messages, thereby causing Plaintiffs and the Class members to

3    incur certain cellular telephone charges or reduce cellular telephone time for which

4    Plaintiffs and the Class members previously paid, and invading the privacy of Plaintiffs

5    and the Class members.  Plaintiffs and the Class members were damaged thereby.

6  25. This suit seeks only damages and injunctive relief for recovery of economic injury on

7    behalf of the Class, and it expressly is not intended to request any recovery for personal

8    injury and claims related thereto. Plaintiffs reserve the right to modify or expand the

9    Class definition to seek recovery on behalf of additional persons as warranted as facts are

10   learned in further investigation and discovery.

11  26. The joinder of the Class members is impractical and the disposition of their claims in the

12   Class action will provide substantial benefits both to the parties and to the court. The

13   Class can be identified through Defendant's records or Defendant's agents' records.

14  27. There is a well-defined community of interest in the questions of law and fact involved

15   affecting the parties to be represented. The questions of law and fact to the Class

16   predominate over questions which may affect individual Class members, including, but

17   not limited to, the following:

18   a)  Whether, within the four years prior to the filing of this Complaint, Defendant or

19       its agents sent any unsolicited text message/s to the Class (other than a message

20       made for emergency purposes or made with the prior express consent of the called

21       party) to a Class member using any automatic dialing and/or SMS texting system

22       to any telephone number assigned to a cellular phone service;

23   b)  Whether Plaintiffs and the Class members were damaged thereby, and the extent

24       of damages for such violation; and

25   c)  Whether Defendant and its agents should be enjoined from engaging in such

26       conduct in the future.

27   d)  Whether Plaintiffs and the Class are entitled to any other relief.

28

**COMPLAINT**                                                                                          PAGE 5 OF 8

1    28. As persons who received at least one unsolicited text message without Plaintiffs' prior
2        express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will
3        fairly and adequately represent and protect the interests of the Class in that Plaintiffs have
4        no interests antagonistic to any member of the Class.

5    29. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of
6        the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will
7        continue to face the potential for irreparable harm. In addition, these violations of law
8        will be allowed to proceed without remedy and Defendant will likely continue such
9        illegal conduct. Because of the size of the individual Class member's claims, few, if any,
10       Class members could afford to seek legal redress for the wrongs complained of herein.

11   30. Plaintiffs have retained counsel capable and experienced in handling class action claims
12       and claims involving violations of the Telephone Consumer Protection Act.

13   31. A class action is a superior method for the fair and efficient adjudication of this
14       controversy.  Class-wide damages are essential to induce Defendant to comply with
15       federal and California law.  The interest of Class members in individually controlling the
16       prosecution of separate claims against Defendant is small because the maximum statutory
17       damages in an individual action for violation of privacy are minimal.  Management of
18       these claims is likely to present significantly fewer difficulties than those presented in
19       many class claims.

20   32. Defendant has acted on grounds generally applicable to the Class, thereby making
21       appropriate final injunctive relief and corresponding declaratory relief with respect to the
22       Class as a whole.

23                                **FIRST CAUSE OF ACTION**

24   **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

25                           **47 U.S.C. § 227 ET SEQ.**

26   33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as
27       though fully stated herein.

28

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

1   • As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs

2   seeks for themselves and each Class member $500.00 in statutory damages, for each

3   and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

4   • Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such

5   conduct in the future.

6   • Any other relief the Court may deem just and proper.

7   //

8   //

9   **SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF**

10   **THE TCPA, 47 U.S.C. § 227 ET SEQ.**

11   • As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1),

12   Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages,

13   for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

14   • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the

15   future.

16   • Any other relief the Court may deem just and proper.

17   **TRIAL BY JURY**

18   41. Pursuant to the seventh amendment to the Constitution of the United States of America,

19   Plaintiff is entitled to, and demands, a trial by jury.

20

21   Dated: January 10, 2013                    Respectfully submitted,

22                                              **HOFFMAN & FORDE**

23

24                                              By: */s/ Daniel R. Forde*
                                                DANIEL R. FORDE
25                                              ATTORNEY FOR PLAINTIFFS

26                                              3033 Fifth Avenue, Suite 225
                                                San Diego, CA 92103
27                                              Telephone: (619) 546-7880
                                                Facsimile: (619) 546-7881
28                                              dforde@hoffmanforde.com